**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **BRUCE L. WEST,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **Case No.:** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **CARAVELS, LLC, AND** | ) | |
| **VIRGINIA** | ) | |
| **TRANSFORMER CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff Bruce West, asserts his Complaint against Caravels, LLC, and Virginia Transformer Corp. The defendants are collectively referred to in this Complaint as Defendant VTC/GTC or "Defendant," and shows the Court as Follows:

## NATURE OF THE ACTION

1.

Plaintiff asserts his claims of race discrimination and retaliation for opposing race discrimination against the Defendants under Title VII of the Civil Rights Act of 1964, as amended, and under 42 USC **§**1981, to correct a pattern and practice of

1

unlawful employment discrimination and retaliation on the basis of race and to make Plaintiff whole for lost pay and benefits, pecuniary and non pecuniary compensatory damages, punitive damages, fees, costs, expenses and injunctive relief because of Defendants' actions against Plaintiff Bruce West.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), 28 U.S.C. §§2201 and 2202 (declaratory judgment), and 42 U.S.C. §12117(a) and 42 USC §1981 (race discrimination).

3.

Venue is proper in this district and division pursuant to 28 U.S.C §1391 and OCGA §14-3-510(b)(1) because Defendant is a foreign corporation with its registered office in Lawrenceville, Georgia which is in this district and division.

## ADMINISTRATIVE PROCEEDINGS

4.

All conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or otherwise occurred.

5.

On July 30, 2020, Plaintiff Bruce West filed a Charge of Discrimination based on race and retaliation with the Equal Employment Opportunity Commission (EEOC) and within one hundred and eighty (180) days of the occurrence of the acts of which Plaintiff West complained.

6.

On April 22, 2021, Plaintiff West received a Notice of Right to Sue from the EEOC with respect to his charge of discriminaiton.

## **PARTIES**

7.

Plaintiff Bruce West is a resident of Gwinnett County, Georgia.

8.

Defendants employed Plaintiff West as a Manufacturing Manager at its Rincon, Georgia manufacturing plant from July 9, 2019 until April 17, 2020.

9.

Defendant Caravels, LLC    d/b/a Georgia Transformer is a Delaware corporation with its registered office in Gwinnett County, Georgia.

10.

Defendant employs over 800 people throughout the United States, and at all times related to this litigation had a number of employees sufficient to be subject to the race discrimination laws of the United States contained in Title VII and 42 USC §1981.

11.

Defendants may be served with process by delivering a copy of the Summons and Complaint to their Registered Agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346-4805.

## THE DEFENDANTS OPERATED AS AN INTEGRATED ENTERPRISE

12.

Defendant Caravels, LLC, d/b/a Georgia Transformer, is a Delaware corporation with its principal corporate offices at 220 Glade View Drive, Roanoke, Virginia 24012.

13.

Caravels, LLC is registered to do business in Georgia with its registered office at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346-4805.

14.

Defendant Caravels, LLC registered a fictitious name of "Georgia Transformer" in Roanoke County, Virginia and does business under the fictitious name, "Georgia Transformer."

15.

Defendant Virginia Transformer Corp. is a Virginia corporation with its principal place of business at 220 Glade View Drive, Roanoke, Virginia, 24012.

16.

Upon information and belief, the defendants functioned as an integrated enterprise by: 1) Sharing corporate officers; 2) Sharing and reporting to a common corporate office at 220 Glade View Drive, Roanoke, Virginia, 24012; 3) Sharing integrated human resources functions; 4) Referring to themselves collectively as "Virginia Georgia Transformer, one source-one commitment" and "VTC/GTC"; 5) Having common ownership; 6) Telling Plaintiff Bruce West that his employment is "with Virginia Transformer Corp./Georgia Transformer Corp."

17.

Upon information and belief, the VTC/GTC defendants have a close interrelation of operations, as well as centralized control of personnel matters, common management and common ownership and financial control. The Defendant VTC/GTC defendants are a single employer and/or joint employer, such that they may be held jointly liable for the claims of Plaintiff West.

18.

Upon information and belief, the VTC/GTC defendants can be served with process by service on its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia, 30346-4805.

**STATEMENT OF FACTS**

19.

On July 2, 1964, the Congress of the United States enacted Title VII of the Civil Rights Act of 1964, which prohibits race discrimination in the workplace.

20.

In 1971 Virginia Transformer Corp. was formed to manufacture power transformers.

21.

In 1982, Prahbat Jain became the CEO of Virginia Transformer Corp.

22.

Prahbat Jain and his family own all of the corporate entities of Virginia Transformer, and Caravels LLC (referred to in this Complaint as "Defendant VTC/GTC").

23.

In 2017, Prahbat Jain hired Anoop Nanda to be the president of Defendant VTC/GTC.

24.

By 2019, Defendant VTC/GTC had grown to over 800 employees at four power transformer manufacturing plants throughout the United States.

25.

Defendant VTC/GTC has its corporate headquarters in Roanoke, Virginia. Its Human Resources executives are located in Roanoke. The Virginia Transformer Corp. executives manage all of the facilities of Defendant VTC/GTC and oversee the human resources policies of all company facilities.

26.

One of the roles of Defendant VTC/GTC's Human Resources department is to formulate, supervise and enforce policies designed to prevent discrimination in its workplaces and to prevent the company's employees from being fired illegally.

27.

In 2015, Jain and Nanda chose Neeraj Baxi to be a Vice President of Manufacturing at Defendant VTC/GTC's Rincon, Georgia manufacturing plant.

28.

Defendant VTC/GTC failed to adequately train or supervise Baxi regarding the company's anti-discrimination and anti-retaliation policies.

29.

In early May, 2019, VTC/GTC president, Anoop Nanda contacted Plaintiff Bruce West to inquire about his interest in managing Defendant VTC/GTC's Rincon, Georgia plant. Nanda arranged to fly Bruce West from West's home in Warren, Ohio to Roanoke, Virginia to interview for the Manufacturing Manager position with Defendant VTC/GTC's CEO, Prahbat Jain, and company president, Nanda.

30.

On June 11, 2019, a Georgia Transformer Human Resources representative sent a letter to West offering to move him and his wife and children from Warren, Ohio to Rincon, Georgia to manage the 200 employee Defendant VTC/GTC's manufacturing plant at a salary of $110,000 per year. In addition, the company promised to pay West a bonus of up to 30% of his salary, depending on individual and company performance. West would be reporting to Neeraj Baxi, the VP of Manufacturing in Rincon.

31.

Neeraj Baxi is an Indian man. Bruce West is a black man.

32.

West accepted the position and began his employment as Rincon Plant Manager with Defendant VTC/GTC on July 9, 2019.

33.

West performed well as plant manager of Defendant VTC/GTC's Rincon, Georgia manufacturing plant.

34.

In February 2020, Baxi was walking through the plant and said to a worker that West's "black a** doesn't belong here."

35.

One week after Baxi made the racial slur towards Bruce West, the employee who heard the slur reported to West that Baxi had made a racial slur towards him.

36.

On approximately February 15, 2020, as required by company policy, Bruce West reported to management and Human Resources that Baxi had made a racially derogatory comment about West to one of West's subordinates.

37.

On approximately February 28, 2020 Bruce West also reported directly to Anoop Nanda, president of Defendant VTC/GTC, that Baxi had made the racially derogatory slurs towards West.

38.

Human Resources failed to assign an investigator to investigate West's report of race discrimination.

39.

West's report of race discrimination was not investigated or addressed by Defendant VTC/GTC. The company did not protect West from further discrimination or retaliation.

40.

On April 15, 2020, because West had still not had any feedback from Human Resources regarding his February reports of race discrimination to company managers, Human Resources and the president of the company, West obtained a written statement from the employee who witnessed the racial slur. West submitted the written statement to his manager.

41.

Bruce West's April 15, 2020 report and submission of a written witness statement of race discrimination was not investigated.

42.

HR failed to take any action to protect Bruce West from being retaliated against for exercising his duty under company policy to report race discrimination and his federally-protected right to oppose race discrimination in the workplace.

43.

On April 17, 2020, two days after West renewed his report of race discrimination and submitted written evidence in support of it, and about eight weeks after West's original report of race discrimination, Charles Chaffin Jr., Director of Defendant VTC/GTC Human Resources based at Defendant VTC/GTC company headquarters in Roanoke, flew to the Rincon, Georgia plant to fire Bruce West.

44.

Chaffin told West that his termination was not related to his job performance. Chaffin  told West that the company had decided to "restructure" and fire West, the plant's  Manufacturing Manager.

45.

After firing West, Defendant VTC/GTC hired a white man to do the job West had been doing.

46.

Defendant discriminated against Plaintiff Bruce West because of his race and fired him in retaliation for opposing race discrimination, in violation of Title VII and 42 USC §1981.

47.

Others outside of Plaintiff's Bruce West's protected classification were treated preferably.

## COUNT I:

### Title VII of the 1964 Civil Rights Act
### and
### 42 U.S.C. § 1981 Race Discrimination in Employment

48.

For his first Count, Plaintiff Bruce West incorporates the previous paragraphs of the Complaint.

49.

As the Vice-President of Manufacturing at the Rincon manufacturing plant, Neeraj Baxi was the highest level company officer at the plant and represented Defendant VTC/GTC's official policies, including its policies towards race discrimination.

50.

When the Vice-President of Manufacturing walked the factory floor and used a racial slur referring to the Manufacturing Manager to a subordinate employee of the Manufacturing Manager, the company promoted discrimination based on the race of the Manufacturing Manager.

51.

When the Vice-President of Manufacturing told an employee that the Manufacturing Manager's "black *ss doesn't belong here," the company told employees that it plans to take adverse action against the Manufacturing Manager because of his race.

52.

Plaintiff Bruce West was qualified to perform the position as Manufacturing Manager. At the time Baxi made the racial slur, West was meeting Defendant VTC/GTC's expectations in his job performance. The company had procedures in place to complete written reviews of job performance. Baxi had failed to complete any of the written reviews required to evaluate West's performance before making the racial slur indicating the intention to take adverse action against West because of his race.

53.

As a black man, Bruce West was in a class of employees protected by Title VII and 42 USC §1981.

54.

Others outside of Mr. West's protected class were treated differently. Shortly after Baxi's statement that "his black *ss doesn't belong here," Defendant VTC/GTC fired Bruce West and hired a white man to manage its Rincon plant.

55.

Baxi's use of a racial slur to refer to West when talking to one of West's employees is racial harassment.

56.

Defendant VTC/GTC violated Title VII and 42 USC §1981 by taking adverse employment action against him because of his race.

57.

Plaintiff's race was a motivating factor in Defendant's decision to terminate Plaintiff.

58.

Defendant's actions in subjecting Plaintiff Bruce West to different terms and conditions of employment based on his race constitutes unlawful discrimination in violation of Title VII and 42 USC §1981, as amended. Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights.

59.

Defendant has willfully and wantonly disregarded Mr. West's rights, and Defendant VTC/GTC's discrimination against Mr. West was undertaken in bad faith.

60.

The effect of the conduct was to deprive Plaintiff Bruce West of equal employment opportunity, and otherwise adversely affect Mr. West's status as an employee because of his race.

61.

As a direct and proximate result of these actions, Plaintiff Bruce West has been made a victim of acts that adversely affected his psychological and physical well being, as well as causing lost compensation and benefits.

62.

Pursuant to Title VII and 42 USC §1981, Plaintiff Bruce West is entitled to damages, including but not limited to back pay and lost benefits, compensatory damages, punitive damages, reinstatement, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under Title VII and 42 USC §1981.

## COUNT II:

**Retaliation**
**Title VII of the 1964 Civil Rights Act**
**and**
**42 U.S.C. § 1981**

63.

For his second Count, Plaintiff Bruce West incorporates the preceding paragraphs of this Complaint.

64.

Title VII and 42 USC **§**1981 prohibit employment discrimination on the basis of race.

65.

The laws that prohibit discrimination in the workplace also prohibit an employer from taking retaliatory action against an employee because the employee has asserted rights or made complaints under race discrimination statutes.

66.

Plaintiff believed that Baxi discriminated against him because of his race when Baxi used a racial slur and said West did not belong in his position.

67.

Plaintiff complained about Baxi's racial slur against him by reporting the slur to his manager, a representative of Human Resources and the president of VTC/GTC in February of 2020.

68.

On April 15, 2020, plaintiff sent a written witness statement to his manager in support of his February complaints of discrimination, which the Defendant VTC/GTC had failed to address.

69.

About eight weeks after originally complaining of discrimination and two days after submitting written evidence of his complaint of discrimination, Defendant VTC/GTC fired  Plaintiff Bruce West.

70.

Firing an employee for opposing race discrimination is an adverse employment action that would make a reasonable employee reluctant to make or support a charge of discrimination.

71.

Plaintiff Bruce West's reports of discrimination to his managers, Human Resources and the president of Defendant VTC/GTC influenced Defendant VTC/GTC's decision to fire plaintiff shortly after he made the reports.

72.

Defendant VTC/GTCs acts in retaliating against Plaintiff Bruce West caused damages to West.

73.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bruce West respectfully prays this court:

a. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from maintaining a racially hostile work environment and engaging in any other employment practices which discriminate against employees based on their race.

b. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

c.  Order Defendants to adopt, implement and distribute a formal, written anti-discrimination policy that prohibits discrimination on the basis of race, including racial harassment, outline a procedure for employees to make or report complaints of discrimination, and identifies with whom complaints or reports should be filed.

d.  Order the Defendants to distribute to each current employee in the United States a copy of the policy and distribute the policy to all new employees in the United States and review it with them within seven days of hire.

e.  Post a copy of the policy described above in its facilities throughout the United States where it has employees, in a place where it is visible to all employees.

f.  Order defendant to provide an annual training program regarding the anti-discrimination policy, to all of its owners, managers, supervisors and employees.

g.  Order Defendants to adopt, implement and distribute a formal written anti-retaliation policy that prohibits adverse employment action and protects employees who make or report complaints of discrimination

pursuant to the anti-discrimination policy from being subject to adverse employment action related to the report or complaint.

h.  Order Defendants to adopt and implement a formal written policy that requires the Defendants to investigate all complaints or reports of discrimination with a qualified, neutral investigator who documents the investigation with a report of investigation.

i.  Order the defendant to eliminate from the employment record of Plaintiff Bruce West all documents, entries or references of any kind which lead to the filing of his EEOC Charge and the related events that occurred thereafter, including this litigation.

j.  Order Defendant to make Plaintiff Bruce West whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including reinstatement or front pay, necessary to eradicate the effects of its unlawful employment practices.

k.   Order Defendant to make Plaintiff Bruce West whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

l.  Order Defendant to make Plaintiff Bruce West whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

m. Order Defendants to pay Plaintiff Bruce West punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

n.  Grant such further relief as the Court deems necessary and proper in the public interest.

o.  Award the Plaintiff Bruce West his costs in this action, including reasonable attorneys fees, expenses, costs of litigation and prejudgment and postjudgment interest.

p.  Award Plaintiff such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.


Respectfully submitted this 20th day of July 2021,


/s/ Benjamin F. Barrett Jr.
Benjamin F. Barrett Jr.
GA Bar No: 039586

Ben Barrett Law
1050 Crown Pointe Pkwy
Suite 500
Atlanta, GA 30338
404-845-7449
ben@benbarrettlaw.com

*Attorney for Plaintiff*